UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERMILD M. ROBINSON                                             CIVIL ACTION

VERSUS                                                          NUMBER: 15-0581

MR. WILLIAMS, SERGEANT;                                         SECTION: "R"(5)
ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Jermild M. Robinson, against Defendants, Sergeant Williams, Captain Rhodes, Sergeant Odom, Sergeant Orphee, and Sergeant Matthews, all of whom are employees of the Orleans Parish Prisons ("OPP"). (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the Elayn Hunt Correctional Center ("EHCC") who was previously confined at OPP. The totality of Plaintiff's statement of claim herein is as follows:

> Unsanitary Living.
>
> Mold and mildew causing swelling in my throat and also causing me to bre[a]the badly.

(Rec. doc. 1, p. 4).

Plaintiff seeks forty-five thousand dollars in monetary damages. (Rec. doc. 1, p. 5).

Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). *See also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal

reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The Constitution does not require that inmates be housed in comfortable prisons, only that they be afforded humane conditions of confinement and reasonably adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). In order to establish a constitutional violation as a result of inadequate conditions of confinement, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety. *Id. See also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010). "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

Plaintiff gives no indication in his complaint of the capacities in which the named Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-

0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights."  *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom.  *Carter*, 2009 WL 3231826 at *2.  Viewing Plaintiff's allegations as being made against the named Defendants in their individual capacities he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to a constitutional violation."  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(citation omitted).

Other than identifying the named Defendants as such in the caption and on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding their involvement in the matters of which he complains herein.  Without such personal involvement, the Defendants cannot be held liable in their individual capacities, as that is an essential element of a civil rights cause of action.  *Allen v. Gusman*, No. 05-CV-

1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  Even if he had done so, the sparse allegations made by Plaintiff fall far short of establishing the subjective and objective components of deliberate indifference that are needed to prevail on Eighth Amendment claim.  "Admittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional."  *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *3 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011)(citing *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004)(confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional)).  The conditions alleged by Plaintiff, while less than optimal, do not rise to that level.  *See also Marshall v. Allison*, No. 08-CV-1387, 2011 WL 601178 at *4 (S.D. Miss. Feb. 11, 2011)(quoting *Herman*, 238 F.3d at 664)(drinking water that appeared to be unclean, lack of cleaning supplies on weekends, mold on walls and in showers, dusty air vents, and inadequate personal hygiene items do not result in denial of "minimal civilized measure of life's necessities").  For these reasons, it will be recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __5th__ day of _____March_____, 2015.

                                                MICHAEL B. NORTH
                                      UNITED STATES MAGISTRATE JUDGE